# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CRYSTAL ANN RODRIGUEZ, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> HOBBY LOBBY STORES, INC. and § <br> VICTORIA LYNN DUNN, § <br> § <br> *Defendants.* § | Civil Action No. 4:23-cv-01138 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Crystal Ann Rodriguez's Motion for Sanctions and for Protective Order ("Motion") (Dkt. #52). Having considered the Motion and the relevant pleadings, the Court issues this Memorandum Opinion and Order ("Order") and finds that the Motion should be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

On January 1, 2022, Plaintiff and Defendants met one another in a violent collision along the express lane of Interstate 35 East.[1] Defendant Victoria Lynn Dunn, operating a tractor trailer at the time, allegedly caused the accident by hitting a wall and subsequently "jackknifing" across multiple lanes of traffic (Dkt. #52 at p. 2). Plaintiff, then operating her own motor vehicle, eventually collided with the tractor trailer at substantial speed (Dkt. #52 at p. 2). On December 22, 2023, Plaintiff filed suit against Defendants, asserting claims for negligence, negligent entrustment, negligent maintenance and gross negligence (Dkt. #1 at ¶¶ 5.1–9.4).

---

[1] There exists a discrepancy in the stated date of the collision. Plaintiff's Original Complaint lists January 1, 2022 as the relevant date, while Plaintiff's present motion lists January 8, 2022 (Dkt. #1 at ¶ 4.1; Dkt. #52 at p. 2). In the context of this Order, the Court adopts Plaintiff's facts as stated in her complaint.

In the aftermath of the collision, Plaintiff followed the initial mandatory disclosure provision of Rule 26 and this Court's Order Governing Proceedings (Dkt. #10) by producing all relevant medical records in her possession (Dkt. #52 at p. 3). FED. R. CIV. P. 26(a)(1). Throughout litigation, she continued to supplement her initial production with new records and kept Defendants aware of her changing medical condition (Dkt. #52 at p. 3; Dkt. #37 at p. 5). As litigation continued into August 2024, Defendants served Plaintiff with a Rule 26(a)(2) expert report pertaining to one Dr. Robert Johnson ("Dr. Johnson"), an orthopedic surgeon (Dkt. #52-1). In February 2025, Plaintiff received lumbar fusion surgery, which did not prompt Defendants to update Dr. Johnson's expert report (Dkt. #52 at pp. 2–3; Dkt. #37 at pp. 3–5).

In early 2025, both parties agreed that Dr. Johnson would provide a "trial deposition" in lieu of testifying live in the courtroom, and Plaintiff accordingly served a subpoena duces tecum seeking, among other things, more information on the basis for Dr. Johnson's opinions (Dkt. #52 at p. 3; Dkt. #37-11 at pp. 5–6). Months passed as Defendants left Plaintiff waiting for a supplemented expert report or signs of discovery production consistent with the served subpoena duces tecum. In the meantime, both parties eventually decided that Dr. Johnson's deposition would take place on May 27, 2025, the day after Memorial Day (Dkt. #52 at pp. 3–4). However, just a few hours before Memorial Day weekend, Defendants responded to Plaintiff's subpoena duces tecum with nothing short of 1,250 pages of material (Dkt. #37 at pp. 4–5) and filed a motion to strike Plaintiff's subpoena duces tecum (Dkt. #37). Despite the impressive number of documents contained in the disclosure, it omitted entire categories of requested information, including Dr. Johnson's "relied-upon literature, authored publications, and party-specific testimony history" (Dkt. #37 at p. 4 (citation modified)). In response, the Court issued an order on June 5, 2025 (the

2

"June 5 Order") denying Defendants' motion to strike and ordering the following: (1) Dr. Johnson's testimony at the deposition be strictly limited to the opinions expressed in his August 6th, 2024 report; (2) Defendants produce "all documents responsive to Plaintiff's subpoena duces tecum within **seven (7) days**[;]" and (3) Plaintiff be permitted to file a motion for sanctions if Defendants violate the order (Dkt. #39 at pp. 1–2 (emphasis in original)).

Defendants did not act appropriately within the time permitted by the Court's June 5 Order. In fact, from May 29 to August 27, Plaintiff made four documented requests asking Defendants to provide the full amount of responsive information, alongside an updated Rule 26(a)(2) report (Dkt. #52 at p. 4). Additionally, although Dr. Johnson testified and physically proved at his deposition that he had immediate access to an updated report,[2] Defendants took almost two months to produce the crucial piece of discovery, which itself contained information at least partially responsive to Plaintiff's subpoena duces tecum (*See* Dkt. #37 at p. 4; Dkt. #52 at p. 5; Dkt. #52-3 at pp. 25–28; *compare* Dkt. #37-11 at pp. 5–6 (asking for "a current and comprehensive list of all other cases in which you have testified at trial or by deposition within the last three (3) years . . . .") *with* FED. R. CIV. P. 26(a)(2)(B)(v) (requiring "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition . . . .")). Plaintiff received the supplemented expert report on August 27, 2025 (Dkt. #52 at pp. 4–5). However, Defendants did more than just supplement their expert report on that day. Specifically, on the days of August 27, 2025 and September 3, 2025, Defendants served 15 depositions on written questions and subpoenas duces tecum on previously undisclosed third parties (Dkt. #52 at p. 6; Dkt. #52-7; Dkt.

---

[2] Dr. Johnson testified in relevant part that "[t]his is an earlier report. This one is August of '24. I had a more recent one from last week that I sent in with information I didn't have on this report here" (Dkt. #52-3 at p. 25). Dr. Johnson is later described as actually procuring and holding the physical, updated expert report in his hands and presenting it briefly to the parties in the deposition room (Dkt. #52-3 at pp. 25–27).

3

#52-8).³ Notably, the last of Defendants' requests were served just *one day* before the Court's discovery deadline of September 4, 2025 (*See* Dkt. #50).

Plaintiff has now filed the present Motion (Dkt. #52), asking the Court to, among other things, (1) strike Johnson's report and deposition testimony and preclude his testimony at trial, or, in the alternative, to "order that Defendants produce a report that complies with Rule 26(a)(2)(B) within seven days" with additional certification; (2) order Defendants to produce all documents responsive to Plaintiff's subpoena duces tecum as previously directed by the Court on June 5, 2025 with additional certification; (3) quash or limit Defendants' untimely requests; and (4) award Plaintiff her reasonable legal fees incurred in bringing this motion (Dkt. #52 at pp. 11, 9).

In Defendants' first Response to Plaintiff's Motion, Defendants argue that they fully addressed Plaintiff's subpoena duces tecum within the time allotted by the Court, and that good cause exists to reopen discovery (Dkt. #53 at pp. 4–5, 15). However, for reasons irrelevant to this Order, Defendants erroneously left textual comments critical of their own positions attached to the face of their filed Response (Dkt. #53 at pp. 8, 17). After Plaintiff took advantage of their mistake by citing the comments in her Reply, Defendants filed an Amended Response invoking the attorney work product doctrine and asking that this Court not consider the comments in its deliberation (Dkt. #54 at pp. 1–3; *see* Dkt. #55 at p. 4). The matter is now ripe for adjudication.

## LEGAL STANDARD

Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED.

---

³ Plaintiff styles these 15 discovery requests as "nonparty subpoenas duces tecum and depositions on written questions." However, Defendants style the same 15 requests as strictly "subpoenas duces tecum" (Dkt. #52 at p. 2; *see* Dkt. #55 at p. 15). In the context of this Order, the Court adopts Plaintiff's description of Defendants' requests.

4

R. CIV. P. 26(b). More pertinent to this opinion is Rule 26(a)(2), which governs the disclosure of expert testimony. *See id.* at 26(a)(2). Under that rule, written expert reports, where required, must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* at 26(a)(2)(B)(i)–(vi).

After an expert report is created, it must be supplemented "if the party learns that in some material respect the [previous] disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties[,]" or if the supplementation is otherwise "ordered by the court." *Id.* at 26(e)(1)(A). Such supplementation must also be timely. *Id.*; *see also Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 362 (5th Cir. 2018).

In the realm of discovery, and especially in the context of Rule 26, it is well established that "control of discovery is committed to the sound discretion of the trial court[.]" *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)). Matters involving expert testimony, including the creation, provision, and supplementation of written expert reports, must therefore be observed "at the times and in the sequence that the court orders . . . ." FED. R. CIV. P. 26(a)(2)(D). Thus, the timing of expert disclosure is controlled exclusively by Rule 26(a)(2) only "[a]bsent a stipulation or a court order." *Id.* In responding to Rule 26 or other court order violations, district courts have discretion to exclude expert witnesses altogether. *Id.* at 37(b)(2), 37(c); *Everett Fin., Inc. v. Primary Residential Mortgage, Inc.*, No. 3:14-CV-1028-D, 2017 WL 90366, at *4 (N.D. Tex. Jan. 10, 2017) (quoting *Sea*

*Side Villas II Horizontal Prop. Regime v. Single Source Roofing Corp.*, 64 F. App'x 367, 372 (4th Cir. 2003)) ("'The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless.'"). The Fifth Circuit has enumerated four factors that district courts must consider in the unique context of excluding an expert witness from trial:

(a)   the importance of the witnesses' testimony;
(b)   the prejudice to the opposing party of allowing the witnesses to testify;
(c)   the possibility of curing such prejudice by granting a continuance; and
(d)   the explanation, if any, for the party's failure to comply with the discovery order.

*See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

More generally, while the Federal Rules of Civil Procedure govern discovery, a court order issued in the context of discovery (including those mandating compliance with a party's subpoena duces tecum in a specific manner and by a specific date) controls over the default timing rules outlined in the Federal Rules of Civil Procedure. *See generally* FED. R. CIV. P. 26(a)–(c); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000); *see, e.g.*, *N.L.R.B. v. Baywatch Sec. & Investigations*, No. CIV.A. H-04-220, 2005 WL 1155109, at *4 (S.D. Tex. Apr. 28, 2005) ("Any failure to comply with the foregoing Order Requiring Obedience to Subpoena Duces Tecum may be punishable as contempt thereof.").

A district court may issue sanctions or otherwise "issue further just orders" in the event a discovery order is violated. *Id.* at 37(b)(2)(A). The purpose of sanctions under Rule 37 is to both "'penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427

U.S. 639, 643, (1976)). To further that purpose, district courts consider four factors before exercising their discretion to impose sanctions for discovery violations: "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 300 (5th Cir. 2006).

In exercising its discretion to control discovery, a court may also issue a protective order to quash or modify discovery requests. At the outset, "[t]he party moving to quash discovery carries the burden to show why discovery should be denied." *Ramirez v. Abreo*, No. 5:09-CV-189-C, 2010 WL 11565408, at *1 (N.D. Tex. Mar. 1, 2010) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). This Court has previously noted that "[c]ourts may properly quash a discovery request where the request leaves insufficient time to respond within the discovery period." *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-00661, 2021 WL 4502615, at *2 (E.D. Tex. Oct. 1, 2021) (collecting cases). Generally, however, "modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818. As a result, a district court abuses its discretion when it provides no oral or written reason for its decision to quash a subpoena, such that a party loses "an opportunity to cure any defects." *Id.* at 819.

Finally, when a party disobeys a court order in the context of discovery, a district court may order "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." FED. R. CIV. P. 37(b)(2)(C). A district court may also order similar payment in the event that a protective order is granted or granted in part. *Id.* at 37(a)(5). In either circumstance, however, payment of legal costs should not be ordered if the relevant action was "substantially justified." *See id.*

# ANALYSIS

## I.  Discovery Analysis Regarding Dr. Johnson

Plaintiff argues that the Court should "strike Dr. Johnson's report and testimony altogether," thus excluding him from participation in the upcoming trial (Dkt. #52 at p. 9). In the alternative, Plaintiff asks the Court to order Defendants to produce a supplemented expert report and to fully comply with Plaintiff's subpoena duces tecum pertaining to Dr. Johnson (Dkt. #52 at p. 9). The Court addresses each of Plaintiff's requests in turn.

### A.  Exclusion of Dr. Johnson is Unwarranted.

The Court will not lightly strike an expert report and expert testimony so far as to preclude the expert's testimony at trial. Rather, "[t]he sanction of excluding expert witness testimony is harsh, and the Court grants that sanction very reluctantly." *Santamaria v. Dall. Indep. Sch. Dist.*, No. 3:06-CV-0692-L ECF, 2006 WL 8436985, at *2 (N.D. Tex. Aug. 3, 2006). It is this very reluctance that guides the Court's decision in this case. Upon consideration of the four factors outlined in *Sierra Club*, the Court finds that the testimony of Dr. Johnson should not be struck or otherwise precluded at trial. 73 F.3d at 572. Specifically, the Court finds that the testimony of Dr. Johnson is crucial to Defendants' presentation of its case; Plaintiff is not so prejudiced by Defendants' failure to comply with the subpoena duces tecum as to warrant exclusionary sanctions given the recently-delayed trial date; Defendants may and likely will cure the prejudice as a result of this Order; and that Defendants have put forward at least an arguable reason for their failure to comply with the Court's June 5 Order. Because the relevant factors do not support the striking or preclusion of Dr. Johnson's testimony, the Court declines to exclude the expert witness.

### B. Plaintiff is Entitled to an Additional Order Requiring Defendants to Respond to her Subpoena Duces Tecum.

As noted above, this Court's prior June 5, 2025 Order Denying Defendants' Motion to Strike Subpoena Duces Tecum required Defendants to "produce all documents responsive to Plaintiff's subpoena duces tecum within **seven (7) days**" (Dkt. #39 at p. 1). In her Motion, Plaintiff identifies six requests in the relevant subpoena duces tecum that Defendants allegedly did not adequately address within that time period (Dkt. #37-9 at p. 5; Dkt. #52 at pp. 5–6). The Court now highlights Defendants' inadequate response to two of these requests, providing support for an additional court order and the necessity of a certification of compliance.

One pertinent request states Plaintiff's demand for "[r]ecords reflecting *all* forensic exams and reviews in the past three years, identifying retaining side" (Dkt. #52-12; Dkt. #37-9 at pp. 5–6 (emphasis added)). In response, Defendants produced just "five reports, all tied to their own counsel" despite recognizing that Dr. Johnson's testimonial history reflects involvement in, at a minimum, 55 separate cases over the last three years (Dkt. #53 at p. 8). The Court credits Defendants' own hesitant interpretation of this great discrepancy and finds that it betrays a gross lack of diligence and respect for the Court's unambiguous June 5 Order demanding production of "*all* documents responsive to Plaintiff's [subpoena duces tecum]" (Dkt. #39 at p. 1 (emphasis added); Dkt. #53 at p. 5). Defendants are quick to blink in the face of this strict and all-encompassing requirement, suggesting that their recognized production of "at least *some* responsive documents" satisfies the June 5 Order because Plaintiff will have the opportunity to question Dr. Johnson in the future (Dkt. #55 at p. 9 (emphasis added)). Alas, "some" cannot be fairly equated with "all." As a result, Defendants' admission, together with the exceptional nature of the discrepancy outlined above, "allows the Court to make 'a reasonable deduction that other

9

documents may exist.'" *United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022-Z, 2022 WL 19021566, at *3 (N.D. Tex. Sept. 20, 2022) (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021)), *opinion clarified*, No. 2:21-CV-022-Z, 2022 WL 19021321 (N.D. Tex. Oct. 11, 2022). The Court's reasonable deduction of discovery abuse supports the issuance of an additional court order aimed at Defendants' full compliance with Plaintiff's subpoena duces tecum.

Another request asks Defendants for "records of income from forensic examinations and reviews in [the] past three years, identifying retaining party and amounts paid" (Dkt. #52-12 at p. 2). Although counsel for Defendants recognized that Johnson worked on "at least 12 additional cases" for their own law firm, Defendants have only provided invoices for 11 of those cases and reports for 5 (Dkt. #52 at p. 6). Defendants argue that their actions are excused for "the same reasons" as those related to the request previously addressed by the Court (Dkt. #55 at p. 10). As a result, Defendants have failed to fully satisfy this request in the same manner that they failed to fully satisfy the request previously analyzed.

No sufficient evidence exists to counter this Court's reasonable deduction that Defendants have failed to act diligently regarding the collection and provision of information relevant to Plaintiff's subpoena duces tecum. Further, Plaintiff has been prejudiced by Defendants' reluctance to meet the demands of the Court's earlier June 5 Order in her inability to aptly prepare for limited future depositions and for trial. As a result, the Court finds that sanctions for the violation of the June 5 Order are warranted under *Garza*. 448 F.3d at 300. To rectify any further discovery issues,

Defendants must once again be ordered to fully comply with the entirety of Plaintiff's subpoena duces tecum.[4]

### C. A Supplemented Expert Report is Unwarranted.

In total, Defendants have provided Plaintiff with three versions of Dr. Johnson's expert report. The first version was offered to Plaintiff on August 9, 2024 (Dkt. #52 at p. 3). The second version was offered to Plaintiff on August 27, 2025 (Dkt. #52 at p. 5; *see* Dkt. #52-2 at p. 11; Dkt. #52-4). Finally, Defendants offered Plaintiff a third version of the expert report, consisting of an earlier iteration dated May 29, 2025 (Dkt. #52 at p. 5). Plaintiff argues that all three of Dr. Johnson's expert reports fail to satisfy the requirements of Rule 26(a)(2)(B)(i)–(ii) because they omit "any description of the bases and reasons for his opinions" (Dkt. #52 at p. 5). FED. R. CIV. P. 26(a)(2)(B)(i)–(ii). Because the Court finds that the August 27, 2025 expert report sufficiently connects Dr. Johnson's opinions with his reasons for holding them, it declines to order Defendants to supplement the expert report at this time.

A thorough survey of the August 27, 2025 expert report reveals that it contains a plain list of the items and information Dr. Johnson reviewed to reach his conclusions, along with express references to the logical source of each of his opinions (Dkt. #52-4). While his individual opinions are brief, Dr. Johnson does more than merely opine that certain facts or circumstances exist—instead, he connects them to listed sources where necessary (Dkt. #52-4). The Court finds that even where Dr. Johnson "does not specifically identify how each citation supports his conclusions, he nevertheless includes sufficient analysis to articulate the basis and reasoning for his

---

[4] Neither this Order nor the June 5 Order limits the portions of Plaintiff's subpoena duces tecum that Defendants are required to address (Dkt. #39).

opinions." *Albritton v. Acclarent, Inc.*, No. 3:16-CV-03340-M, 2020 WL 11627275, at *16 (N.D. Tex. Feb. 28, 2020). As a result, Dr. Johnson's opinions satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)(i)–(ii).

In addition to the above analysis, the Court notes here that any further relevant information regarding Dr. Johnson will necessarily be unearthed upon Defendants' full and speedy compliance with this Court's Order concerning Plaintiff's subpoena duces tecum request. Any perceived deficiency in the report, therefore, should be resolved by Defendants' compliance with this Order. The present state of the Rule 26 report, together with Defendants' anticipated response to Plaintiff's subpoena duces tecum request, precludes any necessary supplementation of Dr. Johnson's expert report.[5]

## II. Defendants' 15 Discovery Requests

Plaintiff asks that the Court issue a protective order either quashing or modifying and strictly limiting Defendants' 15 depositions on written questions and subpoenas duces tecum for two reasons. First, Plaintiff argues that the requests are untimely, because the relevant parties cannot respond to them within the discovery deadline (Dkt. #52 at p. 11). Second, Plaintiff argues that the requests are "facially overbroad" and thus fail Rule 26(b)(1)'s proportionality standard, which has placed an undue burden on Plaintiff warranting relief under Rule 45 (Dkt. #52 at p. 10). FED. R. CIV. P. 26(b)(1), 45. Defendants, on the other hand, claim that now is an appropriate time to re-open discovery altogether, and that the requests are not overbroad despite their particular language (Dkt. #53 at pp. 15–16). Because the Court finds no good cause to unlock and throw open

---

[5] The Court further clarifies that any failure by Defendants to produce all responsive "treatises, learned papers, literature, journals, articles, books, guidelines, or other writings [Dr. Johnson] has relied upon, and [relevant] publications he authored," entitles Plaintiff to seek sanctions not inconsistent with this Order (Dkt. #52 at pp. 5–6).

the doors of discovery, the Court need only address Plaintiff's first argument to dispose of Defendants' untimely discovery requests.

On June 24, 2025, the Court updated its original discovery deadline and set September 4, 2025 as the end of discovery for this case (Dkt. #50). By the conclusion of the new deadline, Plaintiff and Defendants had participated in discovery for over a year and a half (*See* Dkt. #19; Dkt. #50). Although the Court had notified all parties of the conclusion of discovery three months in advance, Defendants filed 15 depositions on written questions and subpoenas duces tecum on or around two days at the eve of the deadline: August 27, 2025 and September 3, 2025 (Dkt. #52 at p. 7; Dkt. #52-7; Dkt. #52-8). As previously noted, some of the requests were filed just one day before the end of discovery, and not a single one lists a return date within the Court's mandated discovery deadline (Dkt. #52 at p. 6; Dkt. #52-7; Dkt. #52-8).

The discovery deadline contemplates that all discovery requests be completed, not merely initiated, by the relevant date. *Muhammed v. Shelton*, No. 4:23-CV-428, 2024 WL 3498346, at *2 (E.D. Tex. July 22, 2024); *DeLeon v. Salinas*, No. 1:10-CV-303, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016). This was explained to Plaintiff and Defendants through the plain language of the Court's scheduling and continuance orders, which require that "all discovery shall be commenced in time to be completed" by the applicable deadline (Dkt. 10 at p. 9; Dkt. 17 at p. 2). Defendants' discovery requests are untimely and must be quashed because they were not commenced in time for them to be completed by September 4, 2025.

The circumstances of this case necessitate consideration of the Fifth Circuit's opinion in *Scott v. Vital Core Strategies*, No. 23-60599, 2025 WL 471110, at *5 (5th Cir. Feb. 12, 2025). In *Scott*, the Fifth Circuit analyzed a district court's refusal to extend discovery where a pro se plaintiff filed

a "Notice of Service of Request for Production" only three weeks prior to the expiration of the discovery period. *Id.* There, the district court had modified the scheduling order, providing the parties with notice that discovery would end at a date around three months in the future. *Id.* The plaintiff's requests could not be completed within the time allotted by the district court. *See id.* As a result, the district court struck the requests as untimely and declined to reopen discovery. *See id.* The Fifth Circuit found that the district court did not abuse its discretion, noting that the plaintiff was warned that "discovery requests must be propounded sufficiently in advance of the discovery deadline so that all responses will be due . . . by the discovery deadline" and that the plaintiff had "ample time [(one year)] from before the original discovery deadline . . . to the first deadline . . . to make any discovery requests in a proper and timely fashion." *Id.* at 5–6 (citation modified).

In light of the Fifth Circuit's analysis in *Scott*, Defendants make no meaningful arguments in defense of their inaction and violation of the Court's designated end of discovery. Instead, they argue good cause exists to reopen discovery because (a) the parties have mutually agreed to reschedule limited, specific depositions of Defendants' retained experts; (b) the date of trial has been moved back; and (c) the discovery sought is "highly relevant" (Dkt. #55 at p. 16). However, like the pro se plaintiff in *Scott*, Defendants were warned that discovery requests had to be initiated in time to be completed by the deadline, and Defendants took no action to either stay or extend the discovery deadline prior to Plaintiff's request for a protective order. *See id.* at 5. Perhaps most importantly, Defendants have not shown good cause to excuse their gross inaction "from before the original discovery deadline" to the end of the amended discovery deadline. *Id.* at 6. Considering the extensive amount of discovery already conducted by the parties alongside Defendants' unexcused delay and disregard of the Court's scheduling order, the Court finds that no good cause

14

exists to warrant reopening the entire realm of discovery. Because discovery remains closed, Defendants' discovery requests made on or around August 27, 2025 and September 3, 2025 are quashed for untimeliness.

### III. Attorneys' Fees

As noted above, Defendants failed to comply with the Court's June 5 Order, and the Court grants in part Plaintiff's motion for a protective order quashing Defendants' untimely requests. As a result, the Court may apportion Plaintiff's attorneys' fees according to the standards set out in either Federal Rules of Civil Procedure 37(a)(5) or 37(b). FED. R. CIV. P. 37(a)(5)–37(b)(2). Given the facts presented, including Defendants' repeated failure to respect and abide by the Court's authority governing discovery, the Court permits Plaintiff to file a Fee Application regarding the appropriate apportionment of attorneys' fees in this matter. As required by Rule 37(a)(5)(C), Defendants will subsequently be "giv[en] an opportunity to be heard" and to offer any substantial justification regarding their inability to follow the June 5 Order Denying Defendants' Motion to Strike Subpoena Duces Tecum. *Id.* at 37(a)(5)(C). Specifically, the Court prompts Defendants to justify their response to the June 12, 2025 deadline in light of the actions taken by Plaintiff's counsel and the then-immediate availability of an updated expert report, as evidenced by Dr. Johnson's sworn testimony and actions at his deposition (Dkt. #52-3 at pp. 25–28).

### CONCLUSION

It is therefore **ORDERED** that Plaintiff Crystal Ann Rodriguez's Motion for Sanctions and for Protective Order (Dkt. #52) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that, within **seven (7) days** of this Order, Defendants shall produce **all** documents responsive to Plaintiff's subpoena duces tecum and concurrently serve a certification of completeness verified by counsel.

It is further **ORDERED** that Defendants' 15 subpoenas duces tecum and depositions on written questions served on or around August 27 and September 3–4, 2025, are quashed. Enforcement or production in response to the quashed subpoenas is prohibited.

It is further **ORDERED** that, within **48 hours** of this Order, Defendants shall provide written notice to all recipients of the discovery requests served on or around August 27 and September 3–4, 2025, informing each that production is unnecessary according to this Court Order, and shall further submit proof of such notification concurrently to Plaintiff.

It is further **ORDERED** that Plaintiff be awarded reasonable attorneys' fees and costs incurred in bringing these motions. Plaintiff shall file a fee application within **fourteen (14) days**; Defendants shall respond no later than **seven (7) days** thereafter.

Additionally, it is **ORDERED** that Plaintiff may file a motion for sanctions if Defendants violate this Order.

**IT IS SO ORDERED**.

SIGNED this 28th day of October, 2025.

AMOS L. MAZZANT  
UNITED STATES DISTRICT JUDGE